IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-245-BO

| | | |
|---|---|---|
| LENVILLE STEPHENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on August 30, 2017, at Raleigh, North Carolina. For the reasons discussed below, the decision of the Commissioner is affirmed.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claims for disability and disability insurance benefits (DIB) and supplemental security income (SSI) pursuant to Titles II and XVI of the Social Security Act. On August 2, 2010, plaintiff filed for child insurance benefits and protectively filed for SSI; plaintiff filed for DIB on August 17, 2010. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff had not attained the age of twenty-two or engaged in substantial gainful activity since his alleged onset date of June 1, 2010 and that plaintiff met the insured status requirements through September 30, 2012. Plaintiff's organic brain dysfunction, borderline intellectual functioning scores, history of attention deficit hyperactivity disorder, and a panic disorder without agoraphobia were considered severe impairments at step two but were not found alone or in combination to meet or equal a Listing at step three. The ALJ concluded that plaintiff had the RFC to perform a full range of work at all exertional levels but with nonexertional limitations. The ALJ found that plaintiff had no past relevant work, and that, considering his age, education, work experience, and RFC, jobs existed in significant numbers in the national economy which plaintiff could perform. Those jobs included day worker, advertising distributor, and library page.

Plaintiff contends that the ALJ's finding that plaintiff could sustain attention to perform simple, routine, repetitive tasks throughout an eight hour workday is not supported by substantial evidence.

Plaintiff is of average intelligence but has permanent damage to portions of his brain after suffering from meningitis and encephalitis when he was three years old. As a result of this brain damage, plaintiff was evaluated when he was twelve years old and found to have significant deficits in distractibility, working memory, and processing speed of work. Tr. 335. In 2006, when plaintiff was fifteen years old, he underwent further evaluation and was found to perform poorly on verbal memory tasks but above average on visual memory tasks. Tr. 345. On March 13, 2011, plaintiff underwent a neuropsychological assessment by Dr. Michele King, a consultative examining psychologist. Dr. King found that plaintiff is capable of understanding and following directions but is unable to retain them without significant repetition. Tr. 453. Dr. King opined that plaintiff would be unable to sustain attention to perform routine and repetitive tasks. *Id.* On August 11, 2011, Tara Luellen, a licensed psychological associate, evaluated plaintiff. She noted that during the day plaintiff liked to work on cars and mow the yard and that plaintiff's memory is impaired such that it may be difficult for plaintiff to sustain attention to perform simple repetitive tasks. Tr. 457-58.

The ALJ afforded Dr. King's opinion very limited weight, as it represented a one-time evaluation and was based on plaintiff's subjective complaints. In contrast to Dr. King's opinion, the ALJ relied on the fact that plaintiff was able to complete high school through home schooling with good grades except in math, works on cars regularly, and has restored a 1971 Mercury Monte

4

Carlo.[1] The ALJ also afforded Ms. Luellen's opinion limited weight, finding that it was not based on a review of the full record.

Substantial evidence supports the ALJ's finding that plaintiff could understand, remember, and carry out short simple, but not detailed, tasks, for two hours at a time, eight hours a day. Plaintiff testified at the hearing that he does yard work at home and that he can follow a television program, even if he cannot verbalize what the program is about. Although plaintiff needed close assistance while working at a Domino's Pizza restaurant and had another failed job attempt at Hardee's, when discussing these work attempts Dr. King noted that "routine and repetitive tasks are easy for [plaintiff] to do." Tr. 451. The ALJ has sufficiently explained the weight given to each of the opinions in this case as well as her rationale for finding that plaintiff could perform short, simple tasks for two hours at a time. Having conducted a full review of the record and decision in this matter, the Court finds that the decision as a whole is supported by substantial evidence and that the correct legal standard was applied.

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 15] is DENIED and defendant's motion for judgment on the pleadings [DE 17] is GRANTED. The decision of the ALJ is AFFIRMED.

SO ORDERED, this 12 day of September, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] The hearing transcript references a Mercury Montego. Tr. 35.